UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KAREN FROHN, *individually and on behalf of all others similarly situated*,

    Plaintiff,

v.

GLOBE LIFE AND ACCIDENT INSURANCE COMPANY,

    Defendant.

Case No. 1:19-cv-713
JUDGE DOUGLAS R. COLE

## OPINION AND ORDER

This cause comes before the Court on Defendant Globe Life and Accident Insurance Company's ("Globe Life") unopposed Motion to File Document under Seal (the "Motion," Doc. 80). For the reasons set forth more fully below, the Court **GRANTS** Globe Life's Motion (Doc. 80).

## LAW AND ANALYSIS

A district court's decision to seal court records is reviewed for an abuse of discretion. *Beauchamp v. Fed. Home Loan Mortg. Corp.*, 658 F. App'x 202, 207 (6th Cir. 2016) (citing *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 306 (6th Cir. 2016)). But in the sealing context, that "decision is not accorded the deference that standard normally brings." *Id.* To avoid abusing its discretion, a district court faced with a motion to seal must "set forth specific findings and conclusions 'which justify nondisclosure to the public.'" *Shane Grp.*, 825 F.3d at 306

(quoting *Brown & Williamson Tobacco Corp. v. F.T.C*, 710 F.2d 1165, 1176 (6th Cir. 1983)).

A district court is under an independent obligation, which exists regardless of any agreement or disagreement among the parties, to determine whether sealing is warranted. *See Proctor* [sic] *& Gamble Co. v. Ranir, LLC*, No. 1:17-cv-185, 2017 WL 3537195, at *2 (S.D. Ohio Aug. 17, 2017) ("A movant's obligation to provide compelling reasons justifying the seal exists even if the parties agree the filings should be sealed, because litigants cannot waive the public's First Amendment and common law right of access to court filings." (citing *Rudd Equip. Co. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 595 (6th Cir. 2016))).

In response to a motion seeking sealing, this Court must determine whether the party moving for a seal overcomes the "strong presumption in favor of openness." *Brown & Williamson*, 710 F.2d at 1179. The Court must then justify "why the interests in support of nondisclosure are compelling, why the interests supporting access are less so, and why the seal itself is no broader than necessary." *Shane Grp.*, 825 F.3d at 306 (citing *Brown & Williamson*, 710 F.2d at 1176). And as the Sixth Circuit has repeatedly cautioned, "only the most compelling reasons can justify non-disclosure of judicial records." *In re Nat'l Prescription Opiate Litig.*, 927 F.3d 919, 940 (6th Cir. 2019) (brackets and citation omitted). On top of this, the Court must ensure that any sealing order be "narrowly tailored" to serve the reason asserted. *Shane Grp.*, 825 F.3d at 305. To meet this narrow tailoring requirement, the moving party must "analyze in detail, document by document, the propriety of secrecy,

2

providing reasons and legal citations." *Id.* at 305–06 (quoting *Baxter Int'l v. Abbott Labs.*, 297 F.3d 544, 548 (7th Cir. 2002)). So a motion to seal must address each document the moving party wants to seal or redact.

Courts have recognized a person's interest in the privacy of their health information as a legitimate basis for sealing. *See, e.g.*, *Patel v. Aetna*, No. 2:17-cv-78, 2018 WL 2268147, at *1 (S.D. Ohio Apr. 3, 2018) (sealing claim forms containing medical diagnoses, the identity of healthcare providers, prescription information, and other personal health information); *Bown v. Vore*, No. 3:07-cv-375, 2009 WL 2393117, at *5 n.2 (S.D. Ohio July 30, 2009) (sealing medical records). Indeed, Congress has specifically recognized the importance of that privacy interest through the enactment of the Health Insurance Portability and Accountability Act ("HIPAA"). And the *Shane Group* court found that, when information is protected by statute or regulation, that supports sealing. 825 F.3d at 308.

Courts have also recognized that a litigant's interest in protecting sensitive business information whose disclosure could result in competitive disadvantage can be sufficient to support sealing. *See Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, Case No. 1:11-cv-871, 2017 WL 4168290, at *2 (S.D. Ohio Sept. 20, 2017) (recognizing interest in sealing "confidential information that would otherwise allow competitors an inside look at a company's business strategies"); *Morris v. Tyson Chicken, Inc.*, No. 4:15-CV-00077-JHM, 2020 WL 3442177, at *2 (W.D. Ky. June 23, 2020) (denying motion to unseal documents that contain "confidential business information that could harm [defendant's] competitive standing"). Such information can include an

3

insurance company's underwriting guidelines. *See Kinsale Ins. Co. v. JDBC Holdings, Inc.*, No. 3:20-CV-8, 2021 WL 2773002, at *5–6 (N.D. W. Va. Mar. 31, 2021) (sealing guidelines that disclose "overall strategy and instructions for underwriting risks"); *Am. Gen. Life Ins. Co. v. Nelson*, No. C19-5095RBL, 2020 WL 3488152, at *2 (W.D. Wa. June 26, 2020) (granting motion to seal insurance company underwriting guidelines).

Here, Globe Life requests permission to file a sealed version of its Reply Memorandum in Support of its Motion for Summary Judgment, including Exhibit One to the Declaration of Michael N. Beekhuizen, as well as unsealed redacted versions of each. (Mot., Doc. 80, #6240).[1] Globe Life also proposes to seal, in its entirety, the Declaration of Michael N. Beekhuizen. Globe Life claims that those materials disclose the Decedent's (Plaintiff Karen Frohn's late husband Gregory Frohn's) personal health information, including information related to his treatment, illnesses, infirmities, diseases, and/or health conditions. (*Id.* at #6241). Additionally, Globe Life claims that other portions of the documents discuss its competitively sensitive and proprietary underwriting and business information. (*Id.*).

Under *Shane Group*, the Court must determine whether the asserted privacy and competitive interests are compelling, whether the interests served by sealing this information outweigh the value of public disclosure, and also whether the seal is narrowly tailored to protect those privacy interests. With respect to the Decedent's

---

[1] The Motion does not separately mention the Beekhuizen Declaration and Exhibit One thereto. Globe Life provided these to the Court and requested leave to seal and redact as described above in an e-mail on which Plaintiff Karen Frohn's counsel was also copied.

4

confidential health information, the Court finds, as it has in previous instances involving similar information in this case, that this is one of the rare instances where a party has met *Shane Group*'s demanding burden. In particular, the Court agrees that exposure of the Decedent's sensitive health information, including information related to the Decedent's treatment, illnesses, infirmities, diseases and/or health conditions, would give rise to legitimate privacy concerns. Indeed, were the Decedent alive, there would be no question that he has a compelling privacy interest in maintaining the confidentiality of such information. Moreover, even though a person's privacy interests generally expire upon their death, *see Cordell v. Detective Publ'ns, Inc.*, 419 F.2d 989, 990 (6th Cir. 1969) (finding "the right [of privacy] lapses with the death of the person who enjoyed it" in the tort context), that is not true of HIPAA-protected information. Rather, HIPAA's Privacy Rules specifically provide that a person's individually identifiable health information remains protected for 50 years following the individual's death. 45 C.F.R. § 160.103 (defining "protected health information"). In other words, Congress has recognized that a person's privacy interest in their medical information extends beyond their death. It follows that Globe Life has identified a compelling interest that supports sealing.

On the other side of the equation sits the public interest in disclosure. *Shane Group* articulates several reasons why the public might have an interest in an open review of a court's docket materials. For example, a public docket ensures the public's right to guard against corruption and the public's right to be on notice about what is and what is not a violation of law. *Shane Grp.*, 825 F.3d at 305. Likewise, the public

5

may have a legitimate interest in knowing the basis for the Court's decision in a given case. *See Brown & Williamson*, 710 F.2d at 1180 ("The public has a strong interest in obtaining the information contained in the court record."). None of those reasons, though, appear to support access to any sensitive health information here.

The appropriateness of sealing is further confirmed in that the Decedent (or, perhaps more accurately, Decedent's estate) is not a party to this action. *Shane Group* instructs that courts should afford third-party privacy interests substantial weight when considering a motion to seal. *Shane Grp.*, 825 F.3d at 308 (explaining that "the privacy interests of innocent third parties should weigh heavily in a court's balancing equation"). In sum, the privacy interest in Decedent's medical information far outweighs the minimal public interest in disclosure of the information at issue here.

With respect to Globe Life's sensitive business information, too, the Court concludes that Globe Life has identified a compelling interest that outweighs the value of public disclosure. The information Globe Life seeks to seal, which concerns Globe Life's underwriting practices, is sufficiently specific and detailed that its disclosure could harm Globe Life's competitive standing. *Cf. Morris*, 2020 WL 3442177, at *2; *Kinsale*, 2021 WL 2773002, at *5–6. Moreover, the Court determines that Globe Life's compelling competitive interest in sealing its sensitive business information outweighs any limited impact on the public's ability to be on notice about what violates the law or to understand the basis for the Court's decision in this case. *See Shane Grp.*, 825 F.3d at 305; *Brown & Williamson*, 710 F.2d at 1180. That is in part because the specifics of Globe Life's underwriting practices play only a limited

role in this case, in which Frohn challenges Globe Life's decision not to pay on her life insurance policy insuring the Decedent. (*See generally* Compl., Doc. 1).

The final issue the Court must address is *Shane Group*'s narrow-tailoring requirement. Here, the Court has reviewed the unredacted versions of Globe Life's Memorandum in Support of its Motion for Summary Judgment and Exhibit One to the Beekhuizen Declaration, and has confirmed that the proposed redactions contain either the Decedent's confidential medical information or Globe Life's sensitive business information. (*See* Mot., Doc. 80, #6241). The Court has also reviewed the Beekhuizen Declaration and finds that reference to both the Decedent's health information and Globe Life's sensitive business information is pervasive throughout, such that it would be impracticable to cull any portions that happen not to contain such information. (*See id.*).

For these reasons, the Court **GRANTS** Globe Life's Motion to File Document under Seal (Doc. 80) in its entirety.

**SO ORDERED.**

June 16, 2022
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**

7