UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

**KAREN FROHN,** *individually and on behalf of all others similarly situated*,

   **Plaintiff,**

 v.

**GLOBE LIFE AND ACCIDENT INSURANCE COMPANY,**

   **Defendant.**

Case No. 1:19-cv-713
JUDGE DOUGLAS R. COLE

## OPINION AND ORDER

On March 31, 2023, the Court issued an Opinion and Order granting Defendant Globe Life and Accident Insurance Company's Motion for Summary Judgment. (Doc. 85). The Court also imposed a temporary seal on that Opinion because it had allowed the parties to file certain exhibits and information relating to that motion under seal. (Docs. 59, 72). In light of that, the Court asked the parties whether they believed portions of the Opinion warranted redaction.

Plaintiff Karen Frohn responded by asking the Court to redact references to her late husband Greg Frohn's various medical ailments (and the activities that contributed to those ailments), as well as information Karen Frohn learned about those ailments from his doctors while they treated him.[1] (Doc. 86). Defendant Globe Life, by contrast, said the Opinion did not need redactions. After both a telephone conference to explore the matter more thoroughly and further briefing from the

---

[1] The Court refers to Karen Frohn as Plaintiff Frohn and Greg Frohn as Mr. Frohn.

parties, the question of a permanent seal as to portions of the Opinion is now before the Court. For the reasons discussed more fully below, the Court concludes that sealing is inappropriate.

True, the Court previously allowed the parties to file the medical information at issue under seal when they used it to support their briefing on summary judgment. (Docs. 59, 72). At that time, the Court found the public's right of access, as outlined in *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299 (6th Cir. 2016), did not require these documents to be filed publicly. But now the Court has relied on that information as a basis for its dispositive ruling. That changes the analysis.

The public right of access to judicial proceedings and materials is secured both by the First Amendment and the common law. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589 (1978). One aspect of that access right is that the public has a presumptive right to attend and watch civil trials. *Brown & Williamson*, 710 F.2d 1165, 1178–79 (6th Cir. 1983). Here, by granting summary judgment, the Court resolved the parties' dispute on the papers—with the Court's decision standing in lieu of a trial on the merits. As a result, the Court affords its dispositive Opinion the same presumptive openness that would attach to any civil trial in its courtroom. *See Tri-County Wholesale Distribs., Inc. v. Wine Grp., Inc.*, 565 F. App'x 477, 490 (6th Cir. 2012) (Gwin, J, concurring in part and dissenting in part) ("The public holds a qualified constitutional right of access to … judicial opinions."). In essence, the Court must determine whether, had this matter proceeded to trial, the Court would have

sealed the courtroom when the parties presented the evidence Plaintiff Frohn now seeks to redact.

To obtain redaction against that backdrop, Plaintiff Frohn must overcome a "strong presumption in favor of openness." *Brown & Williamson*, 710 F.2d at 1179. That is no easy task. In evaluating her request, the Court considers "why the interests in support of nondisclosure are compelling, why the interests supporting access are less so, and why the seal itself is no broader than necessary." *Shane Grp.*, 825 F.3d at 306 (citing *Brown & Williamson*, 710 F.2d at 1176). The Sixth Circuit has repeatedly cautioned that "only the most compelling reasons can justify non-disclosure of judicial records." *In re Nat'l Prescription Opiate Litig.*, 927 F.3d 919, 940 (6th Cir. 2019) (brackets and citation omitted).

Start with Plaintiff Frohn's and Mr. Frohn's interests supporting nondisclosure. As the Court recognized, although Mr. Frohn is now deceased, he has a continuing interest in the confidentiality of his medical information under Ohio Revised Code § 2317.02. (Doc. 41, #621; Doc. 72, #4916). And Plaintiff Frohn, as his surviving spouse, asserts her interest in maintaining the confidentiality of her late husband's medical information. (Doc. 86, #6383).

For two reasons, though, these interests are now diminished compared to when Plaintiff Frohn first filed under seal. First, the Court has now issued an Opinion holding that Plaintiff Frohn validly waived Mr. Frohn's privacy interest under § 2317.02. And in that waiver, Plaintiff Frohn gave Globe Life permission to use Mr.

Frohn's information for "legally permissible activities" related to his policy. (Doc. 30-1, #467). Here, Globe Life did that in defending itself in this lawsuit.[2]

Second, the Court's Opinion disposes of proceedings Plaintiff Frohn herself initiated. In filing suit, she had notice that she may need to disclose, in a public forum, the facts necessary for the Court to resolve her lawsuit. True, under her theory of the case, Mr. Frohn's medical information lacked relevance because Globe Life breached its contract by demanding that information in the first instance. But she should have known that Globe Life would argue otherwise and that it may assert a defense under Ohio Revised Code § 3911.06. And that defense, as discussed below, made Mr. Frohn's medical conditions relevant. She has little basis for crying foul over the Court disclosing information Globe Life successfully used to defend the case she started. *See Mitze v. Saul*, 968 F.3d 689, 692–93 (7th Cir. 2020) (recognizing that a suit over a denial of disability payments necessarily requires a plaintiff make public otherwise confidential medical information); *Tyson v. Regency Nursing, LLC*, No. 3:17-cv-91, 2018 WL 632063, at *1 (W.D. Ky Jan. 30, 2018) (finding plaintiff lost applicable privileges to the confidentiality of medical information when putting them in controversy); *see also In re Chiquita Brands Int'l, Inc.*, 965 F.3d 1238, 1242 (11th Cir. 2020) ("A lawsuit is a public event. Parties who ask a court to resolve a dispute must typically walk in the public eye."). Moreover, the Court's Opinion does not disclose

---

[2] To the extent Health Insurance Portability and Accountability Act also once protected Mr. Frohn's medical information, Plaintiff Frohn's waiver also expressly waived that privilege. (Doc. 30-1, #467).

4

the medical records themselves, but only the particular information from those records on which the Court relied to arrive at its decision.

Of course, Frohn maintains that she did not waive Mr. Frohn's privilege and that the Court erred in holding otherwise. Thus, she believes that she and Mr. Frohn still retain a compelling interest in keeping his medical information confidential. Fair enough. But this Court has already decided that issue contrary to her position. If she disagrees, which is her right, that is a matter for the Sixth Circuit Court of Appeals. But, under the Court's Opinion as it stands, the privacy interests are now diminished.

On the other side stands the public's interest in disclosure. And here, the public has a formidable (and constitutionally protected) interest in accessing, reading, and understanding court orders, especially those granting dispositive motions. *See Doe v. Pub. Citizen*, 749 F.3d 246, 267 (4th Cir. 2014) (holding that the public enjoyed a First Amendment right to access judicial opinions granting summary judgment); *In re High Sulfur Content Gasoline Prods. Liab. Litig.*, 517 F.3d 220, 230 (5th Cir. 2008) ("Public confidence [in our judicial system] cannot long be maintained where important judicial decisions are made behind closed doors and then announced in conclusive terms to the public, with the record supporting the court's decision sealed from public view."). Indeed, a dispositive opinion settling the parties' rights and obligations is perhaps a quintessential example of a judicial record that the public enjoys a right to review. After all, a core purpose of public access is to allow the public to assess the judicial branch's workings, thereby to instill "public confidence in the judicial system." *United States v. Beckham*, 789 F.2d 401, 406–07 (6th Cir. 1986). Achieving

5

that goal requires the public to have access to the facts on which the Court relied in reaching its decision.

To be sure, Plaintiff Frohn does not seek to seal the Court's Opinion completely. Rather, she asks to redact references to Mr. Frohn's activities and medical ailments. And she cites cases in which courts redacted portions of dispositive rulings. *See, e.g.*, *Graber v. Bobby*, No. 4:04-cv-01314, 2022 WL 1260289, at *2 (N.D. Ohio Apr. 28, 2022); *Oxymed, Inc. v. Lincare, Inc.*, No. 1:17-cv-349, 2019 WL 7604803, at *1 (S.D. Ohio Sep. 4, 2019); *see also Malibu Media, LLC v. Redacted*, 705 F. App'x 402 (6th Cir. 2017).

But these cases are inapt. There, courts redacted information that did not dictate the court's holding or rationale. For example, in *Graber*, the court permitted a minor rape victim's name to be redacted. 2022 WL 1260289, at *2. The victim's actual name, though, was irrelevant to the appropriate outcome in that case. And in *Oxymed*, the court redacted dollar amounts and customer numbers in a dispute over, among other things, a liquidated damages clause in an asset purchase agreement. 2019 WL 7604803, at *1. But there too, the redacted information did not determine who breached that agreement.

Not so here. In its Motion for Summary Judgment, Globe Life asserted a § 3911.06 defense. That defense considers (1) whether Plaintiff Frohn withheld her husband's medical conditions in her insurance application, and (2) whether she held a subjectively fraudulent intention when doing so. *See Spencer v. Minn. Life Ins. Co.*, 493 F. Supp. 2d 1035, 1037–38 (S.D. Ohio 2007). And the Court concludes in the

6

Opinion that Globe Life successfully stated this defense. So unsurprisingly, the Court's Opinion details Mr. Frohn's specific medical ailments, their symptoms, and the circumstances surrounding Plaintiff Frohn's knowledge of those ailments and symptoms.

Even more to the point, those details are critical to the Court's holding. Omitting them, then, would interfere with the public's ability to assess the Court's rationale. *See Pub. Citizen*, 749 F.3d at 267 ("The public has an interest in learning … the district court's decision ruling on a summary judgment motion and the grounds supporting its decision.").

In other words, the Court has a First Amendment obligation to disclose to the public the basis for its decision. And that obligation means the Court must show its work—how it applied the relevant law to the relevant facts—out in the open for all to see. Certainly, a case could conceivably present a compelling interest that overcomes that obligation, warranting redacting or even sealing a dispositive order, but this is not that case.

Plaintiff Frohn has not articulated a compelling interest sufficient to overcome the public's interest in reading and understanding the Court's Opinion. The Court thus intends to publish its March 31 Opinion and Order without redactions and to enter judgment in this matter consistent with that Opinion. However, the Court will delay doing so until May 26, 2023, to allow Plaintiff Frohn an opportunity before publication to seek relief from the Sixth Circuit on the redaction issue if she wishes.

**SO ORDERED.**

<u>May 12, 2023</u>
**DATE**

_____
**DOUGLAS R. COLE
UNITED STATES DISTRICT JUDGE**

8